Verdict for plaintiff for $2,500.

---

## WHITAKER *et al. v.* EASTWICK *et al.*

Evidence of the quality of an article should not be admitted unless there is fraud or warranty by the seller.

**Error to the district court of Philadelphia.**

Opinion delivered by

MERCUR, J. It is well settled as a general rule that the purchaser takes the risk of the quality of an article purchased unless there be fraud or warranty. In this case no fraud is alleged, and there was no express warranty. The action is assumpsit on an implied warranty of quality. There is an implied warranty of title and generally of the species in a sale, but not of quality. Hence, where the vendor in the bill of parcels described the article as blue paint, it was held to be an implied warranty that it should be blue paint. Borrekins *v.* Bevan et al., 3 Rawle 23. Fraley *v.* Bispham, 10 Barr 320, was a case of the sale of tobacco by sample. In the bill of parcels it was stated to be "superior sweet-scented Kentucky leaf tobacco," yet the statement was held : First, to be no evidence from which a jury might infer a warranty that it was either superior or sweet-scented. Secondly, that the vendor was not liable in an action *ex contractu,* if it was Kentucky leaf tobacco, although of a very low quality, ill flavored, unfit for the market, and not sweet-scented. It was there said all gradations in quality are at the hazard of the buyer.

The opinions of persons differ greatly as to the quality of goods sold. Purchasers do not generally rely solely upon the mere opinion of the vendor. They either act upon their own judgments, or exact something more than the mere opinion of the person from whom they are buying. The law gives a remedy for breach of contract, but cannot undertake to give damages for mere expectations disappointed. Mere representation does not constitute a warranty. The relation between buyer and seller is not a confidential one. If the buyer, instead of exacting an explicit warranty, chooses to rely upon the bare opinion of one who knows no more about the matter than he does himself, he has himself only to blame for any loss he may thereby sustain. McFarland v. Newman, 9 Watts 55; Wetherill v. Neilson, 8 Harris 448. In the absence of an agreement by the vendor the purchaser takes at his own risk as to the quality. Eagan v. Carr, 10 Casey 236.

The facts in this case show the defendants in error had previously frequently purchased in large quantities this kind of coal, but never of the chestnut size. They were, therefore, acquainted with its general character. They purchased this coal in question at fifteen cents less per ton than first-class coal was then selling. They now complain that it contained an unusually large percentage of slate and dirt. They got substantially the kind of coal for which they bargained. The evidence offered and received under objection was to its quality. It was error to admit it. The fact that it was represented as being well adapted to generating steam, and that by reason of its impure quality a larger quantity is required to generate a given amount of steam, are all insufficient to raise an implied assumpsit. The learned judge, therefore, erred in admitting the evidence.

Judgment reversed and a venire facias de novo awarded.